ASHTABULA COUNTY BAR ASSOCIATION *v.* BROWN.

[Cite as *Ashtabula Cty. Bar Assn. v. Brown*, ___ Ohio St.3d ___,

**2017-Ohio-8753.**]

(No. 2016-1147—Submitted November 21, 2017—Decided December 1, 2017.)

ON NOTICE OF VIOLATION AND MOTION TO LIFT STAY.

_____

{¶ 1} On July 6, 2017, the court suspended respondent, Thomas Christopher Brown, from the practice of law for a period of two years, fully stayed on the conditions that he (1) remove any reference to his firm's having been established in 1981, (2) within 60 days of the date of the suspension order, permanently alter the signage outside his law office to remove the name "O'Neill," (3) within 14 days of the date of the suspension order, destroy all business cards bearing the name "O'Neill & Brown Law Offices" and submit an affidavit to this court averring that the cards have been destroyed, (4) refrain from advertising or communicating in any manner that he is practicing in the "O'Neill & Brown Law Office" except in biographical references to his former law-firm affiliations, and (5) engage in no further professional misconduct. The court further ordered that if respondent violated the conditions of the stay, the stay would be lifted and he would serve the entire two-year suspension.

{¶ 2} On October 13, 2017, relator, Ashtabula County Bar Association, filed a notice of violation and motion to lift stay. Upon consideration thereof, it is ordered and adjudged by this court that respondent, Thomas Christopher Brown, Attorney Registration No. 0024054, last known business address in Geneva, Ohio, is found in contempt for failure to comply with the court's July 6, 2017 order. It is further ordered that the previously imposed stay of the suspension is revoked and that respondent shall serve the entire two-year suspension.

**{¶ 3}** It is further ordered that respondent immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

**{¶ 4}** It is further ordered that respondent is hereby forbidden to counsel, advise, or prepare legal instruments for others or in any manner perform legal services for others.

**{¶ 5}** It is further ordered that respondent is hereby divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

**{¶ 6}** It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(23)(C). If employed pursuant to Gov.Bar R. V(23), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(23)(A)(1) and from receiving, disbursing, or otherwise handling any client trust funds or property.

**{¶ 7}** It is further ordered by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Lawyers' Fund for Client Protection pursuant to Gov.Bar R. VIII(7)(F). It is further ordered by the court that if after the date of this order the Lawyers' Fund for Client Protection awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Lawyers' Fund for Client Protection within 90 days of the notice of such award.

**{¶ 8}** It is further ordered that pursuant to Gov.Bar R. X(13), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of

continuing legal education required by Gov.Bar R. X(13), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(B) for each six months, or portion of six months, of the suspension.

{¶ 9} It is further ordered that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio, (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, (3) respondent complies with this and all other orders of the court, and (4) this court orders respondent reinstated.

{¶ 10} It is further ordered that on or before 30 days from the date of this order, respondent shall do the following:

{¶ 11} 1.  Notify all clients being represented in pending matters and any co-counsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

{¶ 12} 2.  Regardless of any fees or expenses due, deliver to all clients being represented in pending matters any papers or other property pertaining to the client or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

{¶ 13} 3.  Refund any part of any fees or expenses paid in advance that are unearned or not paid and account for any trust money or property in respondent's possession or control;

{¶ 14} 4.  Notify opposing counsel or, in the absence of counsel, the adverse parties in pending litigation of respondent's disqualification to act as an attorney after the effective date of this order and file a notice of disqualification of

respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

{¶ 15} 5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

{¶ 16} 6. File with the clerk of this court and disciplinary counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of the notices required herein, and setting forth the address where the respondent may receive communications; and

{¶ 17} 7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

{¶ 18} It is further ordered that respondent shall keep the clerk, the Ashtabula County Bar Association, and disciplinary counsel advised of any change of address where respondent may receive communications.

{¶ 19} It is further ordered that service shall be deemed made on respondent by sending this order, and all other orders in this case, to respondent's last known address.

{¶ 20} It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(17)(D)(1) and that publication be made as provided for in Gov.Bar R. V(17)(D)(2).

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

O'NEILL, J., not participating.

_____